UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA A. JUDD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARIN CITY HOUSING AUTHORITY,<br><br>　　　　　Defendant. | Case No. 16-cv-04818-KAW<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 1 |

    Plaintiff Debra Judd, who proceeds pro se, brings the instant suit against Defendant Marin City Housing Authority. (Compl., Dkt. No. 1.) Plaintiff also filed an application to proceed in forma pauperis, which the Court granted in a separate order on September 23, 2016. (Dkt. No. 8.) Plaintiff's complaint, however, must be dismissed with leave to amend because the Court lacks jurisdiction and the complaint fails to state a claim upon which relief can be granted.

### I.　LEGAL STANDARD

    Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss [a] case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." *See* Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." But "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's

1  liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

2  (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

3  Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

4  (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "A pro se complaint, however inartfully

5  pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . . "

6  *Estelle*, 429 U.S. at 106 (internal citations omitted).

## II. DISCUSSION

Plaintiff's complaint concerns Defendant's negligence on two grounds. First, Plaintiff alleges that there are dog feces everywhere on the property grounds, creating a health hazard. (Compl. at 1.) Second, Plaintiff alleges that on September 11, 2015, she fell on the sidewalk due to a 3-inch gap and was taken to a hospital. (Compl. at 2.) Plaintiff did not break anything, but was sore for three days. The 3-inch gap was filled about two months later. Based on Defendant's negligence in not cleaning the dog feces and for maintaining dangerous sidewalks, Plaintiff seeks $100,000,000. (Compl. at 1.)

The Court finds that dismissal of the complaint is appropriate.[1] First, Plaintiff has failed to separately plead each cause of action. *See* Fed. R. Civ. P. 10 ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."). Plaintiff does not separately plead any of her causes of actions, and it is not clear what her claims are or the legal basis for these claims. For the sake of clarity, Plaintiff should separately plead each cause of action, along with the specific facts that support each one.

Second, assuming Plaintiff is only bringing a negligence claim, the Court lacks jurisdiction

---

[1] Plaintiff consented to having a magistrate judge conduct further proceedings in this case. (Docket No. 7.) The Court does not require the consent of Defendant because Defendant has not been served and therefore is not a party within the meaning of 28 U.S.C. § 636(c). *See Ornelas v. De Frantz*, No. 00-1067, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1994) (magistrate judge has jurisdiction to dismiss prisoner's civil rights action without consent of defendants because defendants had not been served yet and therefore were not parties).

over the case. Federal district courts have original jurisdiction over actions that present a federal question or those based on diversity jurisdiction. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 & n.2 (9th Cir. 2002). Federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that the basis for federal jurisdiction must appear on the face of the properly pleaded complaint, either because the complaint directly raises an issue of federal law or because the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). Here, Plaintiff appears to bring a negligence claim, which is a state cause of action. Therefore, the Court lacks federal question jurisdiction over the case as currently pled.

Diversity jurisdiction, in turn, exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. §1332(a). When federal subject-matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Both Plaintiff and the Marin Housing Authority are California citizens, and therefore the Court also lacks diversity jurisdiction over the case. Absent jurisdiction, the Court cannot hear this case.

Third, even assuming the Court had jurisdiction over the case, Plaintiff has not adequately pled a negligence claim. Under California law, to prove negligence a plaintiff must plead and prove: (1) defendant's legal duty of care toward plaintiff, (2) defendant's breach of that duty, (3) damage or injury to plaintiff, and (4) a causal relationship between defendant's negligence and plaintiff's damages. *Palm v. United States*, 835 F. Supp. 512, 520 (N.D. Cal. 1993). With respect to Defendant's alleged negligence in cleaning the property of dog feces, Plaintiff does not allege any damage or injury to herself. As for Defendant's alleged negligence in fixing the sidewalk, Plaintiff has not pled facts showing that Defendant had a duty to maintain the sidewalk, such as being the property owner of the area where Plaintiff fell. She also fails to allege that she has

1  complied with California's Governmental Claims Act, Cal. Gov. Code § 945.6, by filing the
2  required claim against the public entity defendant and that her claim was denied before filing suit.

### III.  CONCLUSION

For the reasons stated above, Plaintiff's complaint is dismissed with leave to amend. Plaintiff shall file a first amended complaint within 30 days of this order. Plaintiff is on notice that the first amended complaint will supersede the original complaint, such that it will be treated as nonexistent. *See Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005). For this reason, Plaintiff shall properly identify the legal and factual bases for all of her claims, free of any reference to any prior complaint, and she shall clearly identify the specific claims asserted against each defendant. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). She must also, if possible, show a basis for this Court to have jurisdiction over the case, or her complaint will be dismissed with prejudice. Failure to file a first amended complaint within 30 days of this order may result in dismissal of this action for failure to prosecute. If Plaintiff is unable to amend the complaint to establish a basis for this Court's jurisdiction, she may file a voluntary dismissal and file her action in the proper state court.

To ensure that her first amended complaint complies with this order, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk—a free service for *pro se* litigants—by calling (415) 782-8982. The Court has also adopted a manual for use by *pro se* litigants, which may be helpful to Plaintiff. This manual, and other free information is available online at: http://cand.uscourts.gov/proselitigants.

IT IS SO ORDERED.

Dated: September 30, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge